

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RMT:MW/ICR  *271 Cadman Plaza East*
F. #201600010  *Brooklyn, New York 11201*

November 21, 2016

By Hand Delivery and ECF

The Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  United States v. Mohamed Rafik Naji
>        Magistrate Docket No. 16-1049

Dear Judge Levy:

The defendant Mohamed Rafik Naji is scheduled to be arraigned on the above-referenced complaint today, November 21, 2016, at 2 p.m. Because there is a presumption of detention due to the nature of the charges, and because the defendant presents a danger to the community and a risk of flight, the government respectfully requests that the Court enter a permanent order of detention.

I.  Procedural and Factual Background

On November 19, 2016, the Court issued a warrant for the arrest of the defendant for attempting to provide material support to the Islamic State of Iraq and the Levant ("ISIL"), in violation of 18 U.S.C. § 2339B.

　A.  ISIL

Since 2013, ISIL, which is designated by the Department of State as a foreign terrorist organization, has claimed credit for numerous terrorist activities, including seizing Mosul, a city in northern Iraq, launching rocket attacks on eastern Lebanon in March 2014, and beheading foreign journalists and aid workers. These terrorist activities are part of ISIL's broader goal of forming an Islamic state or "caliphate". In November 2014, U.S. Department of State-designated Specially Designated Global Terrorist and ISIL leader Abu Bakr al-Baghdadi publicly announced that he had accepted the oaths of allegiance from fighters in Yemen, Saudi Arabia and Libya, and was thereby creating ISIL "branches" in those countries. Since 2014, ISIL has claimed responsibility for multiple terrorist acts in Yemen, including March 2015 suicide attacks on two mosques in Sanaa, the capital of

Yemen, which killed over one hundred people. ISIL-Yemen became a designated Foreign Terrorist Organization on May 19, 2016.

B.  The Defendant's Attempt to Join ISIL and Provide Material Support to ISIL

Naji is a 37-year-old legal permanent resident of the United States. Beginning in December 2014, through social media posts, Naji expressed his support of ISIL by, among other posts, sharing a video of the now deceased ISIL-leader Abu Muhammad Al-Adnani advocating violence against civilian targets.

Between March and September 2015, as alleged in the Complaint, Naji travelled abroad to Turkey and Yemen in an effort to join ISIL. Travel records show that Naji travelled from JFK International Airport to Istanbul, Turkey on March 16, 2015. Naji returned to JFK on September 12, 2015. IP addresses associated with Naji's Facebook and Gmail accounts show that those accounts were accessed exclusively from locations in Turkey and Yemen between these dates.

While in Yemen, Naji persistently tried to travel to areas controlled by ISIL. In emails to an associate in the United States, Naji explained that he was on his fifth try to reach ISIL controlled territory. He also sent his associate media files with sounds of gunfire and claimed to have been almost killed by the "army." He also stated that he had spent six days "hiding n mountains trying sneak n no food no water and have 330 miles left". Naji also requested, and received, thousands of dollars sent via wire transfer while he was abroad. Following these email exchanges, Naji instructed his associate to "erase all ur messages," "even from your trash."

While in Yemen, Naji directed his associate to follow his activities on his Facebook page, and attached a screenshot of a Facebook profile with the name "Abuyousef Al-muhager". The profile picture shows a man with his face covered and eyes visible. He appears to be wearing an explosive device on his chest. The cover photograph contains, inter alia, an icon with a world map "vs." an icon showing the ISIL flag.

During this period, Naji also engaged in online conversations with a confidential source. During those conversations, Naji instructed the confidential source that in order to join "dawlat islam",[1] the source should travel to Hadramout, an area in southern Yemen. In one of the online conversations with the confidential source, Naji proclaimed his allegiance to ISIL stating, "I belong to Islamic state only."[2]

Naji returned to the United States in September 2015. Since his return, he has continued to express his support for ISIL and violent jihad. Following the deadly attack in

---

[1] In this context, the term "dawlat islam" refers to ISIL.

[2] Some of the communications referenced in this memorandum reflect draft translations of statements originally made in Arabic and are subject to revision.

Nice, France in July 2016, Naji expressed support for a similar attack in Times Square, stating, "if there is a truck, I mean a garbage truck and one drives it there to Times-Square and crushes them shshshshshsh … Times-Square day."

On November 21, 2016, the defendant was arrested at his home in Brooklyn, New York.

II. The Court Should Enter a Permanent Order of Detention

The government respectfully requests that the Court enter a permanent order of detention on grounds of dangerousness to the community and risk of flight.

A. Legal Standard

Federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or poses a risk of flight. See 18 U.S.C. § 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. See United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987). The government is entitled to proceed by proffer. See United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000).

The Bail Reform Act lists the following factors to be considered in the detention analysis: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g). Because the defendant in this case is charged with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, there is a statutory presumption in favor of detention. See 18 U.S.C. §§ 3142(e)(3)(C); 2332b(g)(5)(B).

B. Analysis

As set forth above, there is a presumption that no condition or combination of conditions will permit the defendant to be released on bond based on the nature of the charges against him. Moreover, each of the factors referenced above weighs heavily against pre-trial release.

First, the charged offenses are serious, particularly in light of the extremely violent nature of the terrorist group the defendant attempted to join. Indeed, in listing the "nature and circumstances of the offense charged" as a criterion in the detention analysis, the Bail Reform Act specifically provides that the Court is to consider, among other factors, whether the crime charged is a federal crime of terrorism. See 18 U.S.C. § 3142(g)(1).

Second, the weight of the evidence is strong. Social media messages, emails and recorded conversations with the confidential source, among others, show that the defendant travelled abroad between March and September 2015 in an effort to join ISIL.

3

While he was there, he described his efforts to reach ISIL-controlled territory in emails and continued to post pro-ISIL messages on social media. He also told the CHS about his efforts to reach ISIL-controlled territory by going to Turkey and traveling onward from there:

> CHS: Syria, is it easy for someone to go to the Islamic State in Syria?
> NAJI: Well, as I told you last time I was already in Turkey
> CHS: So you went to Turkey?
> NAJI: Yeah, I was in Turkey and then traveled from there. . .

Third, the defendant's history and characteristics confirm that he is a danger to the community. Since 2014, the defendant has espoused his support for ISIL and its violent ideology. Indeed, he has made statements indicating his interest in, and support of, a terrorist attack in Times Square modelled off of the deadly attack in Nice, France in July 2016. If the defendant were released, there is every reason to expect he will persist in his efforts to support ISIL.

Finally, the defendant poses a risk of flight. He is a legal permanent resident of the United States but was born in Yemen, where he has close ties, including a child. The defendant also faces the possibility of a significant term of imprisonment and is thus highly motivated to flee the jurisdiction. Further, the defendant's statements to the CHS regarding the various countries that can be used as entry points for ISIL-controlled territory, along with his original, self-described strategies to again attempt to join ISIL and avoid scrutiny at the border, demonstrate the defendant's sophistication at evading detection by authorities. The defendant's security-consciousness is further demonstrated by his instructions to his associate to delete emails, including from the associate's "trash" folder.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue a permanent order of detention.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    /s/ Melody Wells
Melody Wells
Ian C. Richardson
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (by ECF)